Brian S. King, #4610
Brent J. Newton, #6950
Samuel M. Hall, #16066
Andrew J. Somers, #19078
BRIAN S. KING, P.C.
420 E. South Temple, Ste. 420
Salt Lake City, UT 84111
Telephone: (801) 532-1739
Facsimile: (801) 532-1936
brian@briansking.com
brent@briansking.com
samuel@briansking.com
andrew@briansking.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| A.H., individually and on behalf of H.H., a minor,<br><br>Plaintiff,<br><br>v.<br><br>HEALTHKEEPERS, INC. D/B/A ANTHEM BLUE CROSS and BLUE SHIELD,<br><br>Defendant. | **PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES, REQUESTS FOR ADMISSION, AND REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Civil Action No. 2:22-CV-00368<br><br>District Judge Ted Stewart<br><br>Magistrate Cecilia M. Romero |

Pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure, Defendant

Healthkeepers, Inc. d/b/a Anthem Blue Cross and Blue Shield hereby requests and requires

Plaintiff, A.H., individually and on behalf of H.H. a minor, to respond to the following

Interrogatories, Requests for Production of Documents, and Requests for Admission fully in

writing and under oath within thirty (30) days from the date hereof and in accordance with the

following Definitions and Instructions.

1

## **DEFINITIONS**

1.      "Plaintiffs" "You," and "Your" means and includes Plaintiffs A.H., individually and on behalf of H.H. a minor, and anyone else acting or who has ever acted on behalf of You.

2.      "Defendant" refers to Defendant Healthkeepers, Inc. d/b/a Anthem Blue Cross and Blue Shield.

3.      The term "Complaint" shall refer to the Complaint filed by the Plaintiffs on or about June 6, 2022, in the above-entitled matter (the "Action").

4.      The term "Claim" shall refer to Plaintiffs' remaining cause of action alleged in the Complaint, requesting equitable relief under 29 U.S.C. Section 1132(a)(3) under the Mental Health Parity Addiction and Equity Act (the "Parity Act").

5.      The term "Dates of Service" shall refer to the time frame, February 25, 2021 through February 23, 2022, the period the treatment at issue in this case for which payment was denied.

6.      The term "Facility" shall refer to Uinta Academy, the facility for which Plaintiffs submitted a claim for benefits for H.H.'s treatment during the Dates of Service.

7.      The term "Facility Accreditation Requirement" shall refer to the Plan's accreditation requirement, outlined in the Plan's definition of "Facility," ANTHEM 000766, "Skilled Nursing Facility," ANTHEM 000772, and "Residential Treatment Center," ANTHEM 000771, and incorporated Credentialing Policy. ANTHEM 000781–796.

8.      "Document" or "documents" means, by way of example and without limitation, the following items, including those permanently recorded or reproduced by any mechanical or electronic process or written or produced by hand: agreements, contracts, communications, state and

federal governmental hearings and reports, correspondence, facsimiles, pleadings, telegrams, memoranda, records, compilations, summaries and records of telephone conversations, summaries and records of personal conversations and interviews, diaries, calendars, notes, notices, invoices, purchase orders, graphs, reports, notebooks, charts, plans, drawings, sketches, maps, summaries and records of meetings and conferences, summaries and reports of investigations and negotiations, summaries and reports of consultants, photographs, motion picture film, microfilm, videotape, tape recordings, brochures, pamphlets, advertising, circulars, press releases, drafts letters, e-mails, computer files or memory devices of any kind (including hard drives, software, CD-ROM, RAM, ROM, tape drives, and floppy disks), text message or SMS logs, social media, instant message, or e-mail chat logs, samples, prototypes, or other physical objects and things, any marginal comments appearing on any documents, and any other original or duplicative "writings," "recordings," or "photographs."

9.      "Correspondence" means all letters, emails, notes, voice mail, recorded messages, and/or any other kinds or forms of communication.

10.     The term "person(s)" shall include natural persons, corporate or other business entities, and all other forms of legal entities, whether or not in the employ of any party. The acts and knowledge of a "person" are defined to include the acts and knowledge of that person's directors, officers, owners, members, employees, representatives, agents, and/or attorneys.

11.     "Identify" or "identification" when used in reference to an individual person means to state his or her full name, last known business and home address, telephone number, and employer.

12. "Identify" or "identification" when used in reference to a business entity, means to state the business entity's name and address, and persons employed by the business entity with whom you dealt regarding the matters addressed in your response.

13. "Identify" or "identification" when used in reference to a document means to state the type of document, e.g., letter, memoranda, email, chart, etc., or other means of identifying it; the identity of the person preparing or authorizing it; the date it bears; a statement of the substance of the subject matter of the document; its present location or custodian; and any other information necessary to specifically identify the document. If any such document was but no longer is in your possession or subject to your control, state what disposition was made of it.

14. As used in these requests, the terms "relate" or "relating to" mean, by way of example and without limitation, demonstrates, describes, memorializes, evidences, comprises, refers to, pertains to, supports, contradicts, affects, or concerns all or any portion of the matters, facts, and contentions specified in any Request.

15. As used in these requests "any" means "all" and vice versa.

16. "And/or" means "and" or "or;" that is, the conjunctive or disjunctive and each shall include the other wherever such dual construction will serve to bring within the scope of these discovery requests information or documents that otherwise would not be brought within their scope.

17. With respect to any definition set forth above, or any other word used herein, that you believe is vague and ambiguous, please provide your own definition of the term and answer any discovery request incorporating the term using your own definition. All other terms not otherwise specifically defined herein are to be given ordinary and reasonable construction in light of the context in which they are used.

# INSTRUCTIONS

1.      If You claim a privilege with respect to any documents or oral communication the identification of which would otherwise be required by these discovery requests, You need not produce or disclose the contents thereof at this time, but with respect to each document or oral communication for which a privilege is claimed, You are requested to:

     a.   Identify the date thereof;

     b.   State concisely sufficient facts to support a claim of privilege;

     c.   If the privilege is asserted with respect to an oral communication, identify all persons who participated in or heard said communication; or

     d.   If the privilege is asserted with respect to a document, identify all persons who participated in its preparation and all persons to whom it was disclosed, including all recipients thereof.

2.      If Your answer to a discovery request includes the identification or description of an oral communication, state as to each communication:

     a.   Whether made in person or by any electronic means;

     b.   The date and place;

     c.   The content of the communication as disclosed in any of Your internal records;

     d.   An identification of each person who participated in the communication or who had knowledge thereof; and

     e.   An identification of each document referring to or relating to the subject matter of the communication.

3.      Any word written in the singular shall be construed as plural and vice versa where necessary to facilitate the complete answer to these discovery requests.

4.      Pursuant to Rule 26(e)(1), Federal Rules of Civil Procedure, these discovery requests shall be deemed to be continuing so as to require additional answers if further information is obtained between the time answers are served and from time to time thereafter to the date of trial but not later than thirty (30) days after such additional information is received.

5.      Each document produced should be labeled or otherwise marked to indicate the specific interrogatory or document request in response to which that document is referenced or identified.

6.      If any information is withheld in reliance on an asserted objection to a portion of a request, please produce information responsive to all other portions of the request to which no objection has been made.

7.      In responding to these requests, You are required to conduct a reasonable investigation and furnish all information available to You, including information in the possession of Your attorneys and any other persons directly or indirectly employed by or connected with You or Your attorneys or anyone else acting on Your behalf or otherwise subject to Your control.

8.      In responding to these requests, you must make a diligent search of your records, papers, and other materials and documents in your possession or available to you or your representatives. If you cannot obtain the records or information or documents necessary to answer a request, your answer to that request shall set forth the circumstances which prevent you from answering and all efforts to obtain such information or documents. If you cannot answer a request completely, you must answer it to the extent possible.

9.      **Native Documents Requested.** Electronically stored information shall be produced in the form in which it is ordinarily maintained (its native format).

//

## REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1**: Admit that the Facility was not accredited by The Joint Commission (TJC), the Commission on Accreditation of Rehabilitation Facilities (CARF), the National Integrated Accreditation for Healthcare Organizations (NIAHO), or the Council on Accreditation (COA).

**RESPONSE:** Plaintiff objects to Defendant's Request for Admission No. 1 because it constitutes impermissible extra-record discovery. It is undisputed that this case is governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA"). It is well-established that discovery for the purpose of supplementing the prelitigation appeal record regarding a claimant's benefit eligibility under an ERISA plan is precluded. *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1157, 1162 (10th Cir. 2010).

Plaintiff further objects to this Request for Admission as it goes beyond the scope of her personal knowledge.

Subject to and without waiving the foregoing objections Plaintiff admits that she has no evidence that the Facility was accredited by the named organizations.

**REQUEST FOR ADMISSION NO. 2**: Admit that the Facility did not have a site survey completed within the 36 months prior to H.H.'s date of admission to Uinta on February 25, 2021 by or at the direction of Centers for Medicare and Medicaid Services.

**RESPONSE**: Plaintiff objects to Request for Admission No. 2 for all of the reasons stated in the Response to Request for Admission No. 1. and for being unduly burdensome and vague.

Plaintiff further objects because this request for admission goes beyond the scope of Plaintiff's personal knowledge. Based on the foregoing, Plaintiff denies.

**REQUEST FOR ADMISSION NO. 3**: Admit that the Facility did not have a site survey

completed within the 36 months prior to H.H.'s date of admission to Uinta on February 25, 2021 by the Utah Department of Health & Human Services.

RESPONSE: Plaintiff objects to Request for Admission No. 3 for all of the reasons stated in the Response to Request for Admission No. 1. and for being unduly burdensome and vague.

Plaintiff further objects because this request for admission goes beyond the scope of Plaintiff's personal knowledge. Based on the foregoing, Plaintiff denies.

**REQUEST FOR ADMISSION NO. 4**: Admit that the Facility did not have a site survey completed within the 36 months prior to H.H.'s date of admission to Uinta on February 25, 2021 by a third-party accrediting body such as The Joint Commission (TJC), the Commission on Accreditation of Rehabilitation Facilities (CARF), the National Integrated Accreditation for Healthcare Organizations (NIAHO), or the Council on Accreditation (COA).

RESPONSE: Plaintiff objects to Request for Admission No. 4 for all of the reasons stated in the Response to Request for Admission No. 1. and for being unduly burdensome and vague.

Plaintiff further objects because this request for admission goes beyond the scope of Plaintiff's personal knowledge. Based on the foregoing, Plaintiff denies.

## INTERROGATORIES

**INTERROGATORY NO. 1**: Identify all Communications that You had with the Facility and its agents regarding the Plan's Facility Accreditation Requirement, including but not limited to the residential treatment or skilled nursing facility accreditation requirements.

**RESPONSE:** Plaintiff objects to Defendant's Interrogatory No. 1 because it constitutes impermissible extra-record discovery. It is undisputed that this case is governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"). It is well-established that discovery for the purpose of supplementing the prelitigation appeal record

regarding a claimant's benefit eligibility under an ERISA plan is precluded. Murphy v. Deloitte & Touche Grp. Ins. Plan, 619 F.3d 1151, 1157, 1162 (10th Cir. 2010). To the degree that this request implicates the denied benefits cause of action, Plaintiff objects. Subject to and without waiving the foregoing:

- Uinta Academy was recommended by H.H.'s counselor at her wilderness program.
- I inquired with Uinta Academy about their accreditation and was provided with their license and accreditation information, which appears in the record at 472-473.

**INTERROGATORY NO. 2**: Identify all Communications that You had with any individual or entity, including governmental entities, relating to the Plan's Facility Accreditation Requirement, including but not limited to the residential treatment or skilled nursing facility accreditation requirements.

**RESPONSE:** Plaintiff objects to Interrogatory No. 2 for all the reasons stated in the response to Interrogatory No. 1. To the degree that this request implicates the denied benefits cause of action, Plaintiff objects. Subject to and without waiving the foregoing:

- Uinta Academy was recommended by H.H.'s counselor at her wilderness program.
- I inquired with Uinta Academy about their accreditation and was provided with their license and accreditation information, which appears in the record at 472-473.

**INTERROGATORY NO. 3:** Identify all research and investigation You, or anyone on your behalf, performed regarding whether the Facility met the Plan's Facility Accreditation Requirement.

**RESPONSE**: Plaintiff objects to Interrogatory No. 3 for all the reasons stated in the response to Interrogatory No. 1. To the degree that this request implicates the denied benefits cause of action, Plaintiff objects. Subject to and without waiving the foregoing:

- I was told by our education consultant that Uinta Academy was accredited but that the insurance companies would do their best not to accept the accreditation despite federal laws on mental health parity requirements.

**INTERROGATORY NO. 4**: Identify all Communications that You had with any individual or entity, including governmental entities, regarding whether the Facility was accredited by The Joint Commission (TJC), the Commission on Accreditation of Rehabilitation Facilities (CARF), the National Integrated Accreditation for Healthcare Organizations (NIAHO), or the Council on Accreditation (COA).

      **RESPONSE:** Plaintiff objects to Interrogatory No. 4 for all the reasons stated in the response to Interrogatory No. 1. To the degree that this request implicates the denied benefits cause of action, Plaintiff objects. Subject to and without waiving the foregoing:

- Uinta Academy was recommended by H.H.'s counselor at her wilderness program.

- I inquired with Uinta Academy about their accreditation and was provided with their license and accreditation information, which appears in the record at 472-473.

- I was told by our education consultant that Uinta Academy was accredited but that the insurance companies would do their best not to accept the accreditation despite federal laws on mental health parity requirements.

**INTERROGATORY NO. 5:** Identify all Communications that You had with any individual or entity, including governmental entities, reflecting whether the Facility completed third party site surveys, within the 36 months prior to the date of H.H.'s admission to Uinta on February 25, 2021, by the Centers for Medicare and Medicaid Services, Utah Department of Health & Human Services, or a designated third-party accrediting body such as The Joint Commission (TJC), the Commission on Accreditation of Rehabilitation Facilities (CARF), the National Integrated

Accreditation for Healthcare Organizations (NIAHO), or the Council on Accreditation (COA).

**RESPONSE:** Plaintiff objects to Interrogatory No. 5 for all the reasons stated in the response to Interrogatory No. 1. To the degree that this request implicates the denied benefits cause of action, Plaintiff objects. Subject to and without waiving the foregoing:

- I am not aware of what third-party site surveys are, and therefore didn't inquire about them before H.H.'s admission.

**INTERROGATORY NO. 6:** Identify all non-quantitative treatment limitations you contend the Defendant imposed in denying Plaintiff's claims.

**RESPONSE:**

- Anthem refused to cover urgently needed in-patient care for H.H. despite repeated numerous lengthy stays in short-term acute care facilities, repeated outpatient (PHP) programs, in-home therapy, a stay in ICU after an almost successful suicide attempt, a 30-day stay at a facility in Connecticut and an out-of-pocket 90-day stay at a wilderness program.

- There were no remaining alternatives to save her life and get her into society as a functioning adult but a higher level of care which was provided by Uinta Academy, as shown in the letter in the record at 253-254.

- I called all facilities available per Anthem for coverage within a 100-mile radius of our home and none of them had availability or provided the care recommended by her outpatient therapist, Melissa Findlay, or the other facilities at which she had been treated. Notes from these conversations are in the record at 474.

- H.H. had become physically violent at times (police were called to our home on numerous occasions) and had become a run risk, as shown in the therapist assessment produced as

ANTHEM 000915-000918. There were no programs within a 100-mile radius of our home covered by Anthem that were appropriate for, available or would provide the level of adequate care for her and security and safety that was necessary (See 462-469, 472-473 in the record and produced treatment plan summary labelled ANTHEM 000919-000923).

- Despite these facts, Anthem refused to cover H.H.'s treatment at Uinta because it is not accredited by The Joint Commission, the Commission on Accreditation of Rehabilitation Facilities, the National Integrated Accreditation for Healthcare Organizations, or the Council on Accreditation.

- Anthem was unable to direct Plaintiff to a facility that met the Plan's requirements.

**INTERROGATORY NO. 7:** Identify all facts and evidence that supports your contention Defendant imposed a non-quantitative treatment limitation in denying Plaintiff's claims.

    **RESPONSE:**

- Plaintiff directs Defendant to the denial rationale offered in response to Plaintiff's claims, seen in the record at 17-18 and 190-192.

**INTERROGATORY NO. 8:** Identify all facts and evidence that supports your contention there is a disparity between the non-quantitative treatment limitation identified in response to Interrogatories No. 5 as to residential treatment center benefits as compared to skilled nursing facilities or inpatient rehabilitation facilities.

    **RESPONSE:**

- Anthem requires RTC facilities be accredited by The Joint Commission, the Commission on Accreditation of Rehabilitation Facilities, the National Integrated Accreditation for Healthcare Organizations, or the Council on Accreditation in order to cover those services. RTCs must also meet five other requirements, as seen in the Plan definition of

RTC.

- The closest medical/surgical analogue to RTCs are skilled nursing facilities.

- The Plan requires only that skilled nursing facilities be licensed and accredited.

- There is a disparity because RTC facilities must meet six requirements to be covered, while skilled nursing facilities must only be licensed and accredited.

**INTERROGATORY NO. 9:** Identify all forms of equitable relief You seek and the specific relief sought.

RESPONSE: Plaintiff objects to this interrogatory as it is overly burdensome and vague. Until the MHPAEA cause of action has developed in litigation, Plaintiff cannot know what types of equitable relief will be necessary to make her whole. The court may, in its discretion, fashion equitable remedies under 29 U.S.C. §1132(a)(3) as necessary to remedy any MHPAEA violation. Subject to and without waiving the foregoing, Plaintiff identifies the following remedies that the Court may utilize:

- Plaintiff may seek disgorgement of funds improperly obtained or retained by Defendant if benefits were denied based on a term of the Plan or application of a standard that violates MHPAEA.

- Plaintiff may ask for the Plan and Defendant's medical necessity criteria to be reformed to remedy any MHPAEA violation in the terms of the Plan and to prevent misapplication of the Plan in any manner that would create an as-applied MHPAEA violation.

- Plaintiff may seek forward-looking injunctive relief to prevent any MHPAEA violation from being repeated on a court-ordered remand of the claims after litigation, or as otherwise necessary to order the Defendant to cease violating MHPAEA and require

Defendant to comply with the statute.

- Plaintiff may seek backward-looking injunctive relief to order Defendant to abandon any reasons to deny the claims predicated on a MHPAEA violation.

- Plaintiff may seek an accounting by Defendant of the funds wrongly withheld as a result of the Defendant's violation of MHPAEA.

- Plaintiff may seek an order equitably estopping the Defendant from denying the Plaintiff's claims in violation of MHPAEA.

- Plaintiff may seek the equitable remedies of surcharge and restitution requiring Defendant to provide payment to the Plaintiff as make-whole relief for her loss arising from Defendant's violation of MHPAEA.

**INTERROGATORY NO. 10:** If You answered any of the Requests for Admission served herewith with anything other than an unqualified admission, explain the factual basis for any partial or qualified admission or denial.

**RESPONSE:** Plaintiff refers Defendant to her answers to Requests for Admission 2-4, wherein she claims that the requests go beyond the scope of the knowledge of Plaintiff.

**INTERROGATORY NO. 11:** For each interrogatory response, identify all Documents including but not limited to Communications, You used, identified, referred to, or incorporated in answering these Interrogatories.

**RESPONSE:** Plaintiff refers Defendant to her answers to Interrogatories 1-10, wherein she provides and directs Defendant to the documents that are referred to.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1**: All Documents, including but not limited to Communications, You used, identified, referred to, or incorporated in answering the

Interrogatories served upon You concurrently with these Requests, including all documents included in response to Interrogatory No. 10.

**RESPONSE**: Plaintiff refers Defendant to her answers to Interrogatories 1-10, wherein she provides and directs Defendant to the documents that are referred to.

**REQUEST FOR PRODUCTION NO. 2**: All Communications, or Documents reflecting Communications, that You had with the Facility or its agents regarding the Plan's Facility Accreditation Requirement for residential treatment centers.

**RESPONSE**: Plaintiff objects to Defendant's Request for Production No. 2 because it constitutes impermissible extra-record discovery. It is undisputed that this case is governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"). It is well-established that discovery for the purpose of supplementing the prelitigation appeal record regarding a claimant's benefit eligibility under an ERISA plan is precluded. *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1157, 1162 (10th Cir. 2010).

Subject to and without waiving the foregoing objections, upon information and belief, Plaintiff avers that she has no Communications or Documents reflecting Communications regarding the Plan's Facility Accreditation Requirement for residential treatment centers, other than what Plaintiff refers to in her answers to Interrogatories 1-10 and what may be contained elsewhere in the record.

**REQUEST FOR PRODUCTION NO. 3**: All Communications, or Documents reflecting Communications, You had with any individual or entity, including governmental entities, relating to the Plan's Facility Accreditation Requirement, including but not limited to the Facility Accreditation Requirement for residential treatment or skilled nursing facilities.

**RESPONSE**: Plaintiff objects to Request for Production No. 3 for all the reasons stated in

the response to Request for Production No. 2. Subject to and without waiving the foregoing objections, Plaintiff avers that she has no Communications or Documents reflecting Communications regarding the Plan's Facility Accreditation Requirement for residential treatment centers or skilled nursing facilities, other than what Plaintiff refers to in her answers to Interrogatories 1-10 and what may be contained elsewhere in the record.

**REQUEST FOR PRODUCTION NO. 4**: All Documents, including but not limited to Communications, that establish the Facility was accredited by The Joint Commission (TJC), the Commission on Accreditation of Rehabilitation Facilities (CARF), the National Integrated Accreditation for Healthcare Organizations (NIAHO), or the Council on Accreditation (COA).

**RESPONSE**: Plaintiff objects to Request for Production No. 4 for all the reasons stated in the response to Request for Production No. 2. Plaintiff further objects because this Request for Production goes beyond the scope of Plaintiff's personal knowledge. Subject to and without waiving the foregoing, Plaintiff refers Defendant to Plaintiff's answer to Request for Admission No. 1.

**REQUEST FOR PRODUCTION NO. 5**: All Documents, including but not limited to Communications, establishing the Facility completed third party site surveys by the Centers for Medicare and Medicaid Services, Utah Department of Health & Human Services, or a third-party accrediting body such as The Joint Commission (TJC), the Commission on Accreditation of Rehabilitation Facilities (CARF), the National Integrated Accreditation for Healthcare Organizations (NIAHO), or the Council on Accreditation (COA).

**RESPONSE**: Plaintiff objects to Request for Production No. 5 for all the reasons stated in the response to Request for Production No. 2. Plaintiff further objects because this Request for Production goes beyond the scope of Plaintiff's personal knowledge. Subject to and without

waiving the foregoing, Plaintiff refers Defendant to her answers to Interrogatories 1-10.

Dated: March 13, 2024

/s/ *Brian S. King*
Attorney for the Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served via email to the following:

Anthony C. Kaye (Utah Bar No. 8611)
TROUTMAN PEPPER HAMILTON SANDERS LLP
875 Third Avenue
New York, New York 10022
tony.kaye@troutman.com
212-704-6128

Nathan R. Marigoni (Utah Bar No. 14885)
Angela D. Shewan (Utah Bar No. 17316)
TROUTMAN PEPPER HAMILTON SANDERS LLP
c/o 600 Peachtree Street NE Suite 3000
Atlanta, Georgia 30308
nathan.marigoni@troutman.com
angela.shewan@troutman.com
470-832-5575

*Attorneys for Defendant Healthkeepers, Inc.*

Dated: March 13, 2024

/s/ *Brian S. King*